IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ESTATE OF WILLIAM A. MILLHON, :
et al.,
:
    Plaintiffs,
:
  v.                                   Case No. 2:08-cv-652
:
UNUM LIFE INSURANCE COMPANY       MAGISTRATE JUDGE KEMP
OF AMERICA,              :

    Defendant.         :

OPINION AND ORDER

    This case is before the Court to consider plaintiff's motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction. (#30). Also before the Court is plaintiff's motion for leave to amend the complaint. (#35). These motions have been fully briefed. For the following reasons, both motions will be denied.

I.

    The original complaint, filed in the Delaware County Court of Common Pleas, contained the following allegations. Dr. Millhon purchased two insurance polices from UNUM, insuring Dr. Millhon for loss from disability due to sickness. (See Compl. ¶ 1). The first policy, dated February 20, 1972, insured Dr. Millhon for $1,200 per month for a term of twenty four months after Dr. Millhon began receiving disability payments. (Id.) The second policy, dated September 13, 1985, insured Dr. Millhon for $1,000 per month for a term of twenty-four months after Dr. Millhon began receiving disability payments. (Id.)

    In June 1999, Dr. Millhon was diagnosed with acute depression. (Compl. ¶ 1). Soon after, Dr. Millhon was hospitalized after contracting other conditions, including

cardiac arrhythmia. Dr. Millhon died on February 23, 2003. (Id.) His surviving spouse, Thelma Millhon, was appointed as executor of his estate, and was also the sole devisee under Dr. Millhon's will. (Id. ¶ 2).

The complaint alleges that Dr. Millhon became totally disabled within the scope of UNUM's insurance policies on June 11, 1999. (Compl.¶ 1). It further alleges that before and during his period of total disability, UNUM allegedly attempted to lapse or cancel Dr. Millhon's policies without providing reasonable notice to Dr. Millhon. (Id. ¶ 1-2). The complaint further alleges that UNUM sent notices attempting to lapse or cancel Dr. Millhon's policies on May 29, 1997 and in August 1999. (Id. ¶ 1). Moreover, UNUM allegedly sent the notices to addresses which Dr. Millhon did not occupy as a residence or place of business. (Id.) Ms. Millhon alleges that she did not learn about UNUM's obligations to her husband until June 8, 2005, when UNUM forwarded Dr. Millhon's policies to her. (Id. ¶ 2). Ms. Millhon now seeks damages under the policies in excess of $25,000, in addition to punitive damages, attorneys' fees, court costs, and other relief as determined by the Court. (Id.) UNUM removed the case to this Court on July 7, 2008, asserting that jurisdiction exists based upon diversity of citizenship. (#2)

The focus of both Ms. Millhon's current motions is her desire to have this matter litigated in the Delaware County Court of Common Pleas. In her motion to dismiss, Ms. Millhon asserts that the amount in controversy as set forth in the original complaint falls short of the $75,000 threshold required for diversity jurisdiction. Through her motion for leave to amend, Ms. Millhon seeks to amend the prayer in the complaint to a stipulated amount of $58,800, an amount obviously below the required threshold. (Id.).

In response, UNUM argues that the Court possesses diversity

jurisdiction within the scope of 28 U.S.C. §1332.  UNUM also urges the Court to deny the motion for leave to amend both on grounds of prejudice and Ms. Millhon's failure to show good cause for allowing an amendment outside of the time established by the Court's Rule 16(b) scheduling order.

II.

At the outset, the Court notes that, while Ms. Millhon moved to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(1), the proper mechanism to challenge this Court's jurisdiction over the current lawsuit is a motion to remand.  It is widely understood that when a court determines that it lacks jurisdiction over an action removed on the ground of diversity of citizenship, the most appropriate action is remand to state court, not dismissal.  See, e.g., International Primate Protection League v. Administrators of Tulane Educational Fund, 500 U.S. 72, 89 (1991) (approving the First Circuit Court of Appeals's interpretation of "the literal words of [Title 28] §1447(c), which, on their face, give ... no discretion to dismiss rather than remand an action."); Cunningham v. BHP Petroleum Great Britain PLC, 427 F.3d 1238, 1245 (10th Cir. 2005) (holding, in part, that district court should have remanded case after it discovered that it lacked diversity jurisdiction).  In fact, Ms. Millhon's motion to dismiss clearly requests that this matter be remanded to the Delaware County Court of Common Pleas.  Consequently, the Court will construe Ms. Millhon's motion to dismiss as a motion for remand.

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court which the district courts have original jurisdiction may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending."  The district court to which the defendant removes the case shall have

jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1).

In cases where a plaintiff's complaint does not facially claim damages exceeding $75,000, the defendant seeking removal has a duty to present to the Court that it is more likely than not that the plaintiff's claims exceed the amount in controversy requirement of 28 U.S.C. § 1332(a). Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006). Thus, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." De Aquilar v. Boeing Co., 11 F.3d 55, 57 (5th Cir. 1993)(cited with approval by Rotschi v. State Farm Mut. Auto. Ins. Co., 114 F.3d 1188 (table), 1997 WL 259352 at *4 (6th Cir. May 15, 1997)). Importantly, the Court's jurisdiction is determined at the time of removal, and "subsequent events, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 375 (6th Cir. 2007) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938)).

UNUM, as the party seeking removal, bears the burden of establishing subject matter jurisdiction. In its notice of removal, UNUM valued the insurance policies in Dr. Millhon's name at $85,719.94. Further, UNUM's senior financial risk consultant, Kim K. Wheeler, confirmed that the aggregate principal payable to the insured, exclusive of interest, would equal $52,800. (See Wheeler Aff. ¶ 4, June 28, 2008).

While Ms. Millhon's original complaint prayed for relief that appeared to be less than $75,000, the Court's jurisdiction was determined at the time of removal, and "subsequent events,

whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." Williamson, 481 F.3d at 375 (quoting St. Paul Mercury Indem. Co., 303 U.S. at 293). Moreover, "most courts have found a legal certainty that more than the jurisdictional amount could not be recovered only where the applicable state law barred the *type of damages* sought by the plaintiff." Kovacs v. Chelsey, 406 F.3d 393, 396 (6th Cir. 2005)(quoting Wood v. Stark Tri-County Trades Council, 473 F.2d 272, 274 (6th Cir. 1973)(emphasis added)).

While the $52,800 principal from the insurance policies falls short of the amount required for diversity jurisdiction, Ms. Millhon's complaint also prayed for punitive damages, attorneys' fees, court costs and other relief as determined by the Court. (Compl.). As UNUM argues in its memorandum contra, the complaint appears to assert a claim for breach of an insurer's duty to act in good faith in the settling or payment of a claim. Such a claim is separate and distinct from an action for breach of contract. See Grange Mut. Cas. Co. v. Rosko, 767 N.E.2d 1225, 1236 (Ohio Ct. App. 2001). If proven, a bad-faith claim justifies recovery of more than contractual damages arising from the insurance policy. See id. Ohio law clearly permits an award of compensatory and punitive damages against insurers who act in bad faith. See Dardinger v. Anthem Blue Cross & Blue Shield, 781 N.E.2d 121, 143 (Ohio 2002). Compensatory damages arising from a bad-faith insurance claim may include attorney's fees. See Furr v. State Farm Mut. Auto. Ins. Co., 716 N.E.2d 250, 265 (Ohio Ct. App. 1998).

The addition of the tort damages outlined above to the contractual damages of $52,800.00 make it more likely than not that the plaintiff's claims exceed the matter in controversy requirement of $75,000.00, exclusive of interest and costs. See

5

Monvoy v. Continental Airlines, Inc., No. 2:09-cv-00072, 2009 WL
1687929 at *3 (S.D. Ohio June 12, 2009). As a result, the Court
concludes that UNUM has met its burden of establishing that
subject matter jurisdiction existed on the date of removal. The
motion to dismiss, construed as a motion to remand, will
therefore be denied.

### III.

Turning to the motion to amend, although motions to amend
are evaluated under the standards in Fed. R. Civ. P. 15(a), which
states that leave to amend shall be given freely when justice so
requires, that rule cannot be read in isolation. Rather, Rule
15(a) must be read in harmony with Rule 16(b). See Leary v.
Daeschner, 349 F.3d 888, 905-09 (6th Cir. 2003). Therefore, the
Court is permitted to examine the standard factors governing
amendments of the complaints under Rule 15(a) only if the Court
is satisfied that any prior date for filing a motion for leave to
amend either has been met or is properly extended under the good
cause provisions of Rule 16(b). The Court of Appeals recently
confirmed the crucial relationship between Rules 15(a) and 16(b),
holding that:

> Generally, a party may amend its pleading
> once as a matter of course, but in all other
> cases it may amend a pleading only with the
> other party's consent or with leave of the
> court. Fed. R. Civ. P. 15(a). 'The court
> should freely give leave when justice so
> requires.' Id. Once the scheduling order's
> deadline to amend the complaint passes, how-
> ever, 'a plaintiff first must show good
> cause under Rule 16(b)[of the Federal Rules
> of Civil Procedure] for failure earlier to
> seek leave to amend' and the district court
> must evaluate prejudice to the nonmoving
> party 'before a court will [even] consider
> whether amendment is proper under Rule 15(a).'

Commerce Benefits Group, Inc. v. McKesson Corp., No. 08-3857,

2009 WL 1421113 at *5 (6th Cir. May 20, 2009)(citations omitted).

There is no question here that Ms. Millhon did not seek leave to amend her complaint until approximately six months after the deadline for such motions as established by the Court's scheduling order. Consequently, before the Court can even consider the merits of the motion for leave to amend, it must address whether Ms. Millhon has established good cause for her failure to seek leave to amend earlier.

Here, any amendments to the complaint were to be filed on or before the December 8, 2008 deadline as established in the Court's pretrial order (#16). Ms. Millhon has not asserted any reason for her delay sufficient to establish good cause to consider an amendment outside the time established by the Court. Allowing Ms. Millhon to amend her complaint at such a late stage in the proceedings, especially when taking into account that Ms. Millhon could have opposed this Court's jurisdiction at the time of removal, would render the pretrial scheduling order (#16) meaningless. See Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834-35 (6th Cir. 1999) (affirming district court's denial of plaintiff's motion for leave to amend the complaint after determining that "plaintiff was obviously aware of the basis of the claim for many months ...."). Moreover, Ms. Millhon's stated desire that this case be remanded suggests to the Court that the primary reason for the proposed amendment is to divest this Court of subject matter jurisdiction. However, a party may not amend its complaint in an attempt to divest jurisdiction where jurisdiction was previously established at the time of removal. See Kentucky Home Mut. Life Ins. Co. v. Duling, 190 F.2d 797, 801-02 (6th Cir. 1951); see also St. Paul Mercury Indem. Co., 303 U.S. at 294 ("The jurisdiction ... acquired by the circuit court was not devested by plaintiff's subsequent action.")(internal citation and quotation marks omitted). In light of these

7

circumstances, the motion for leave to amend will be denied.

IV.

Based on the foregoing, the plaintiff's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction (#30) and motion for leave to amend her complaint (#35) are denied.

/s/ Terence P. Kemp
United States Magistrate Judge