IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Estate of William A. Millhon, :
et al.,
:
    Plaintiffs,
:
  v.                                  Case No. 2:08-cv-652
:
UNUM Life Insurance Company      Magistrate Judge Kemp
of America,            :

    Defendant.        :

ORDER

    This insurance case is before the Court by way of defendant UNUM Life Insurance Company of America's motion for summary judgment. The motion is fully briefed. Plaintiffs also moved for leave to file a supplemental affidavit in support of their opposition to the motion. That motion (#32) was not opposed, and it is granted. The Court will consider the supplemental affidavit and memorandum attached to the motion. For the following reasons, UNUM's summary judgment motion will be granted and this case will be dismissed.

### I.   The Undisputed Facts

    Most of the facts which UNUM relies on in support of its motion are undisputed. While Dr. William A. Millhon was practicing medicine with the Millhon Clinic, a practice group consisting of several physicians, he was insured for disability purposes through two UNUM-issued policies. The premiums were paid by the Millhon Clinic.

    In June, 1999, the Clinic sent Dr. Millhon a letter terminating his employment there. He did not practice medicine at the Clinic after June 2, 1999, and allegedly became disabled from the practice of medicine on June 11, 1999. Because the

Clinic had terminated his employment, it asked UNUM not to bill it for future premium payments. UNUM complied with that request and attempted to bill Dr. Millhon directly, but it apparently sent its correspondence (including, eventually, a notice that the policies had lapsed for nonpayment of premiums) to an old business address, and Dr. Millhon did not receive that correspondence. He died in February, 2003, and Thelma Millhon was appointed as the executrix of his estate on April 10, 2003.

During his lifetime, Dr. Millhon engaged in litigation concerning the termination of his employment. That litigation involved the UNUM policies in some way, although the defendants were Dr. Millhon's former colleagues and not UNUM. The action was continued (after one or two dismissals) by his estate, and the Tenth District Court of Appeals affirmed a grant of summary judgment to the defendants in 2007. Estate of Millhon v. Millhon Clinic, 2007 WL 4564406 (Fr. Co. App. December 31, 2007).

At some point in 2005, the Estate requested copies of the two policies in question. They were sent to the Estate not later than June 8, 2005. The Estate did not file any claim for benefits under the policies or any proofs of loss, but instead began this action almost three years later, on June 5, 2008.

## II. The Summary Judgment Standard

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the

nonmoving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," <u>Celotex</u>, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion must be decided.

### III. <u>The Issues</u>

UNUM advances three reasons for granting summary judgment. All of them rely on the insured's failure to comply with provisions of the policies. The language of those provisions is not in dispute nor is it ambiguous.

First, the policies require that a claim for benefits be submitted under the policy within either twenty or thirty days of the occurrence of disability, or within a reasonable time thereafter. Second, they require that UNUM be given proof of disability for each month during which policy benefits are claimed, not later than one year and ninety days after the conclusion of each month of claimed disability. Third, they

require that any action under the policies be commenced within three years of the time when written proof of loss is required to be furnished unless the insured is, by reason of incapacity, unable to do so.  UNUM argues that the plaintiffs did not comply with any of these provisions, noting that it was never provided with either a claim for benefits or a proof of loss, and that suit should have been filed, at the very latest, three years after Thelma Millhon was appointed as the executrix of Dr. Millhon's estate.  Because that appointment occurred on April 10, 2003, UNUM asserts that this case had to filed no later than April 10, 2006 in order to comply with the limitations period set forth in the policy.

It is not exactly clear what the plaintiffs are arguing in response.  Most of the responsive memorandum deals with the question of whether the lapse notice sent by UNUM in 1999 to Dr. Millhon's prior office address was effective to terminate the policies, and the issue of whether anyone but Dr. Millhon, as the owner of the policies, had the authority to cancel them.  It can be inferred, however, from the plaintiffs' arguments that they believe either that the three-year limitations period under the policy is unreasonably short, or that the period did not begin to run until Thelma Millhon received a copy of the policies.  Suit was filed within three years of June 8, 2005, which, for summary judgment purposes, the Court must accept as the earliest date on which she had a copy of the policies in her possession.

## IV.  Discussion

Ohio law, which both parties rely on and which the Court will apply in this diversity case, clearly allows an insurer to set a time for filing suits under an insurance policy.  Although the usual time period for filing suit in Ohio on a written contract is fifteen years, "an insurance policy may limit the time for an action of the contract to less than fifteen years if

a reasonable time for suit is provided." Lane v. Grange Mut. Companies, 45 Oho St. 3d 63, 64 (1989). The Ohio Supreme Court has upheld policy-based limitations period as short as one year as being reasonable. See, e.g., Colvin v. Globe Am. Cas.Co., 69 Ohio St. 2d 293 (1982); see also Duriak v. Globe Am. Cas. Co., 28 Ohio St. 3d 70 (1986). Thus, on its face, the three-year limitations period in these policies, which runs from the date that proof of loss was required to be furnished, is enforceable.

The policies required that proof of loss be provided for each month of disability within one year and ninety days of the end of that month unless the insured was incapable of providing such proof. Assuming that Dr. Millhon was, by reason of his incapacity, unable to comply with the policies at any time before his death on February 23, 2003, and that the requirement for providing proof of loss was tolled until Thelma Millhon was appointed the executrix of his estate, the one year and ninety day period for providing proofs of loss would have commenced on April 10, 2003, at the very latest. It would have expired on or about July 10, 2004, and under the policies, suit would have to have been filed within three years thereafter, or by July 10, 2007. (The Court recognizes that this calculation of the limitations period is more generous to plaintiffs than the interpretation offered by UNUM, but in the end it makes no difference). Undisputedly, it was not. Therefore, the Court is required to apply that limitations period to this case unless there is some valid reason not to do so.

The Ohio courts have invalidated contractual limitations periods for various reasons. For example, they may, in operation, give the insured too little time to file suit. See, e.g., Kraly v. Vannewkirk, 69 Oho St. 3d 627 (1994) (finding three and one-half month period too short). Kraly also suggested another circumstance where a contractual limitations period will

not be enforced, namely where the limitations period might expire before the right of action under the policy actually accrues. Id. at 635; see also Kuhner v. Erie Ins. Co., 98 Ohio App. 3d 692 (Franklin Co. App. 1994). Such a provision is also unenforceable if it "purports to dilute or eliminate the rights of the insured to coverage required by statute." Miller v. Progressive Cas. Ins. Co., 69 Ohio St. 3d 619, 624 (1994). In that case, the contractual limitations period of one year for filing suit on an uninsured or underinsured motorist claim was shorter than the two-year period allowed for filing suit against the tortfeasor and was therefore deemed to be in violation of public policy. It does not appear that any of these circumstances exist in this case, however.

UNUM correctly recognizes that the limitations period was likely tolled during the period of time between Dr. Millhon's death and the appointment of the executrix. At least one Ohio Court of Appeals has so held. Shields v. State Farm Ins. Group, 16 Ohio App. 3d 19, 21 (Butler Co. App. 1984) ("[I]f, due to death ... an insured in unable to comply with the provision of an insurance policy which limits the time within which such a suit against the company must be filed, the running of time is to be tolled ... in the absence of undue prejudice to the insurer"). See also Limoli v. West Am. Ins. Co., 1992 WL 140281 (Cuyahoga Co. App. June 18, 1992). However, the tolling of the limitations period ends when an executor or executrix is appointed. Id. As the Shields court held, at that point the personal representative of the deceased is "under a duty to search for and collect all of the assets of the estate and to promptly assert claims, if necessary, to protect the assets." Shields, 16 Oho App. 3d at 21. Consequently, reading Shields together with those cases which uphold contractually-based limitations periods which are neither unreasonably short nor contravene Ohio public policy, the

Court concludes that the contractual obligation at least to submit proof of a claim under these two policies began to run when Thelma Millhon was appointed executrix of Dr. Millhon's estate, and that the absolute latest time she had to file suit under the policies was four years and 90 days from April 10, 2003. She did not, and has offered no argument that this time period was unreasonably short under the circumstances. Therefore, this suit is time-barred and UNUM is entitled to a judgment dismissing the case.

## V. Disposition

For the foregoing reasons, UNUM's motion for summary judgment (#22) is granted. This case is dismissed with prejudice based on the fact that it was not filed within the applicable limitations period.

/s/ Terence P. Kemp
United States Magistrate Judge